UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON VASQUEZ, | ) | CASE NO. 1:15-CR-396 |
| | ) | CASE NO. 1:16-CV-2796 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner Jason Vasquez ("Vasquez") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 28 ["Mot."].) Respondent United States of America (the "government") opposes the motion (Doc. No. 34 ["Opp'n"]), and Vasquez has filed a reply. (Doc. No. 37 ["Reply"].) For the reasons that follow, Vasquez's motion is DENIED.

I. BACKGROUND

On November 3, 2015, a federal grand jury returned a multiple count indictment charging Vasquez with a number of drug-related offense. (Doc. No. 6.) On February 9, 2016, the government filed an "Information Re: Prior Conviction." (Doc. No. 17 ["Inf."].) By this filing, the government put Vasquez on notice that it intended to rely on a prior "felony drug offense" conviction "for the purpose of invoking the increased sentencing provisions of Title 21, § 841(b), United States Code." (*Id.* at 79.[1]) The notice further identified the prior "felony drug offense" as

---
[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Vasquez's October 9, 2001 conviction in the Lorain County Court of Common Pleas for trafficking in cocaine, a fourth degree felony, under Ohio Rev. Code § 2925.03. (*Id.*) According to the notice, the application of the penalty enhancement under 21 U.S.C. § 841(b)(1)(3) would result in a mandatory minimum sentence of 10 years. (*Id.* at 80.)

On February 29, 2016, the government and Vasquez, who was represented by counsel, entered into a plea agreement whereby Vasquez agreed to enter a guilty plea to Count One of the Indictment, charging conspiracy to possess with the intent to distribute cocaine, pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B), and Count Seven, being a felon in possession of a firearm, in violation of 21 U.S.C. § 922. (Doc. No. 19 ["Plea Agr."] at 94.) Several paragraphs discussed the statutory enhancement and its effects. For example, paragraph 3, entitled "Statutory Enhancement Notice", advised that, due to the enhancement, the statutory mandatory minimum sentence for Count One was 10 years. (*Id.* at 85.) The agreement further provided that:

> The parties realize that based upon the minimum mandatory statutory penalty, Defendant's adjusted base offense level must begin at the first level in his criminal history category that encompasses a 120 month sentence pursuant to U.S.S.G. § 5G1.1(b).

(*Id.* at 88.)[2] Vasquez signed the agreement and initialed each page.[3] (*See generally, id.*)

On February 19, 2016, the Court conducted a change of plea hearing, during which the Court discussed in detail with Vasquez both the written plea agreement and the consequence of his guilty plea as they related to the notice of prior felony drug offense. As part of the Fed. R.

---

[2] Accordingly, the agreement further provided that "[t]he parties agree that the defendant must be sentenced to at least a 120 month sentence pursuant to U.S.S.G.§ 5G1.1(b)." (*Id.* at 89.)

[3] The agreement also provided that Vasquez was satisfied with the representation of his counsel. (*Id.* at 95.)

Crim. P. 11 plea colloquy, the Court asked Vasquez if he had been previously convicted of the state court offense and Vasquez answered in the affirmative. (Doc. No. 33 (Change of Plea Hearing Transcript ["Tr."]) at 219.) The Court explained that, under the enhancement, the presence of the prior felony conviction would result in a minimum term of ten years imprisonment, and Vasquez indicated that he understood. (*Id*.) It was clear that Vasquez understood the impact of the enhancement, as he responded to the Court's question regarding whether he understood that the Court would determine the sentence by asking, "Does it even matter, because even though I have a mandatory minimum of 120 months?" (*Id*. at 228.) After asking if Vasquez had been given sufficient time in which to confer with his counsel and that he was satisfied with the representation he received from his counsel (*see id*. at 257), both of which he answered in the affirmative, the Court accepted Vasquez's guilty plea as knowingly, intelligently, and voluntarily made. (*Id*. at 260.)

On June 2, 2016, this Court sentenced Vasquez to the lowest possible sentence of 120 months. (Doc. No. 25 (Judgment).) In the present motion to vacate, Vasquez argues that he received ineffective assistance from his trial counsel because his counsel failed to object to the § 841(b) enhancement.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the

sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603-04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails

to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

### III. DISCUSSION

Under the familiar ineffectiveness standard, a petitioner must demonstrate that counsel's performance was deficient, and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. To establish that the deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived a fair trial. *Id*. Essentially, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Vasquez's primary contention in his § 2255 motion is that his counsel was ineffective for failing to challenge the use of the prior state court drug trafficking conviction because his conviction did not qualify as a "felony drug offense." Under federal law, the term "felony drug

5

offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). According to Vasquez, the fact that he actually served only six months on his state court conviction meant that it did not meet the statutory definition under federal law.

There is no dispute that Vasquez was convicted of the crime of trafficking in cocaine, a fourth degree felony under Ohio law. Section 2929.14 of the Ohio Revised Code provides that a fourth degree felony is punishable by a term of imprisonment of between six and eighteen months. Ohio Rev. Code § 2929.14(A)(4). Because the crime is punishable by a possible sentence of more than one year, Vasquez's prior state court drug conviction qualifies as a "felony" drug offense" under 21 U.S.C. § 802(44) and an offense upon which a § 841(b) enhancement can be based. *See Burgess v. United States*, 553 U.S. 124, 126, 128 S. Ct. 1572, 170 L. Ed. 2d 478 (2008) (21 U.S.C. § 802(44) controls the definition of "felony drug offense" for § 841(b) and defines the term as a crime "*punishable* by more than one year" of imprisonment) (emphasis added).

Courts, including the Sixth Circuit, have consistently held that where a drug crime carries

a possible sentence of more than one year, it meets the definition of a "felony drug offense."[4] *See United States v. Lockett*, 359 F. App'x 598, 600 (6th Cir. 2009) (noting that all violations of Ohio Rev. Code § 2925.03 qualified as "felony drug offense[s]" because they "were *potentially punishable* by more than twelve months imprisonment under Ohio statute") (emphasis added); *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir. 2006) (actual sentence imposed is immaterial); *McRae v. United States*, 521 F. Supp. 2d 515, 519 (W.D.N.C. 2007) ("Even if a lesser sentence had been imposed, the conviction for the 1991 offense would nevertheless qualify as a 'felony drug offense' because it could have been punished by imprisonment for more than one year."); *see also United States v. Grayson*, 731 F.3d 605, 606-07 (6th Cir. 2013) ("The Supreme Court has made clear . . . that the inquiry should focus on the duration of the potential punishment for purposes of determining whether it qualifies as a 'felony drug offense.'") (citing *Burgess*); *Cf. United States v. Elder*, 840 F.3d 455, 461-62 (7th Cir. 2016) (state court offense of possession of drug paraphernalia did not qualify as a "felony drug offense" where offense carried a one-year maximum sentence at the time of defendant's conviction and was not, therefore, punishable by more than one year).

---

[4] Vasquez also argues that his prior state court conviction cannot support a § 841 enhancement because the *mens rea* element of Ohio Rev. Code § 2925.03(A)(1) is different than that required under federal law. (Reply at 284.) However, such an argument fails to take the state court conviction outside the definition of a "felony drug offense" under § 802(44). *See, e.g., United States v. Curry*, 404 F.3d 316, 319 (6th Cir. 2005) (difference in *mens rea* requirement did not exclude state court conviction from consideration for federal enhancement where definition in § 802(44) "sweeps broadly enough to include even strict liability offenses like those for which [the defendant] was convicted"). Likewise, Vasquez's argument that his state court conviction cannot be used to enhance his federal sentence because the state statute covers substances that are not federally controlled is equally flawed. Regardless of whether the state statute reached other substances not considered drugs under federal law, the Court takes judicial notice of the fact that the docket in Vasquez's state court case reflects that Vasquez was convicted of trafficking in cocaine, a federally controlled substance. *See State of Ohio v. Vasquez*, Case No. 00CR055823 (Lorain Cty. Ct. of C.P.) (Judgment entered Oct. 9, 2001). *See, e.g., Curry*, 404 F.3d at 320 (rejecting similar argument, noting that the defendant's "State court Bill of Information . . . identified marijuana as the contraband").

7

Vasquez's prior state court conviction for trafficking in cocaine properly qualified as a "felony drug offense" for purposes of § 841(b) enhancement, and counsel cannot, therefore, be faulted for failing to object on that ground. *See, e.g., Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (counsel is not constitutionally ineffective for not pursuing meritless claims); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding that an attorney is not ineffective for failing to raise a meritless objection). Because Vasquez cannot meet either prong of the *Strickland* ineffectiveness standard, his claim for ineffective assistance of counsel fails.

## IV. CONCLUSION

For all of the foregoing reasons, Vasquez's motion to vacate, set aside, or correct his sentence is DENIED. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**